OPINION
Appellants, Dr. George Stokes and Dr. Brenda Green-Stokes, appeal from the judgment by the Trumbull County Court of Common Pleas, granting a partial directed verdict in favor of appellee, Warren Nissan Mazda Subaru ("Warren Nissan").
On September 11, 1995, Dr. Stokes took his Mazda RX7 to Curtlander Auto Sales for repairs. When Rocky Flaviano, the mechanic who worked on the car at Curtlander, could not fix a problem with the idle, he called Warren Nissan to arrange for additional repairs. While the RX7 was outside on appellee's lot, it was vandalized and several items of personal property were stolen from inside the car.
On February 20, 1997, appellants filed a complaint alleging that appellee breached a bailment contract by not returning the RX7 and its contents in the same condition as it received them. Appellants further alleged that appellee breached an oral contract because it had agreed to store the vehicle inside while it was being repaired. Appellants sought damages in the amount of $37,777.80, alleging that the following personal property had been stolen from the car:
gold and diamond wedding band valued at $9,000;
marquise diamond certified ring valued at $25,000;
car stereo and amplifiers valued at $2,798.80;
cellular phone valued at $350;
cobra radar detector valued at $89;
twenty CD's valued at $240; and
one pair of prescription glasses valued at $300
 On September 1, 1999, the matter was tried before a jury. At the trial, Mr. Flaviano testified that when he dropped the car at Warren Nissan, one of appellee's employees, whom Mr. Flaviano could not identify, agreed to store the car inside while it was at Warren Nissan. After appellants presented their case, appellee moved for a directed verdict on the grounds that appellants' evidence was insufficient to prove that appellee had breached an oral contract because appellants presented no evidence of mutual assent or consideration for the contract. The trial court granted appellee's motion for directed verdict on the breach of oral contract claim. The claim for breach of bailment contract went to the jury, and the jury returned a verdict in favor of appellant in the amount of $4,000. From this judgment, appellants assign the following error:
 "The trial court erred by granting defendant-appellee's motion for directed verdict on the issue of contract."
 In their sole assignment of error, appellants contend that Mr. Flaviano's testimony that an employee of Warren Nissan agreed to store the car inside was sufficient evidence to withstand a directed verdict on the breach of an oral contract claim. Civ.R.50(A)(4) provides the standard for granting directed verdicts and provides:
 "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 As the Supreme Court of Ohio stated in Wagner v. Midwestern Indemnity Co. (1998), 83 Ohio St.3d 287, 294, 699 N.E.2d 507,
 "When a motion for a directed verdict is entered, what is being tested is a question of law, that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of the witnesses."
 In the instant case, we conclude that the trial court inappropriately entered a directed verdict against appellants on their claim for breach of an oral contract. Mr. Flaviano testified that someone at Warren Nissan agreed to store the RX7 inside while it was at Warren Nissan. He further testified that he would not have left the car at the dealership if appellee had not agreed to that condition. This testimony was sufficient evidence of mutual assent for the oral contract. Appellants also presented sufficient evidence of consideration for the contract because Warren Nissan was paid for its services. Construing the evidence most strongly in favor of appellants, Mr. Flaviano's testimony was sufficient to create a question of fact as to whether an oral contract was created. That Mr. Flaviano could not remember the identity of the employee to whom he spoke and witnesses for appellee claimed that no such agreement was made are merely facts to be considered in weighing the credibility of Mr. Flaviano's testimony. Appellants' sole assignment of error has merit in that it asserts that the trial court erred; however, we conclude that the trial court's error was harmless.
The jury heard Dr. Stokes testify that two rings valued at approximately $34,000 were stolen from his car while it was on appellee's lot. The trial court directed a verdict in favor of appellee on appellants' claim for breach of an oral contract, but appellants' claim for breach of a bailment contract was submitted to the jury. The jury was instructed that it could find that a bailment was created between appellants and appellee for the safekeeping of appellants' personal propety located in the vehicle if it found that:
 "(A) the existence of the personal property in Plaintiffs' vehicle was known to the Defendants at the time they accepted the Plaintiffs' vehicle for service; and
 "(B) that the Defendant failed to exercise the required duty of care for the safekeeping of the property; and
 "(C) that such failure was a proximate cause of loss to Plaintiff[.]"
 The jury found in favor of appellants on their claim for breach of a bailment contract; however, it decided to award damages of only $4,000, an amount approximately equal to the value of all personal property that appellants alleged was stolen out of the car, other than the two rings.
Even if this cause were remanded to a jury and it determined that an oral contract existed, appellants would be unable to recover damages for the value of the rings allegedly stolen from the car. Losses that an ordinary person could not anticipate as a result of the breach of contract constitute special damages and are not recoverable unless the defendant is warned of their existence prior to the final agreement. Combs v.Simkow (Nov. 21, 1983), Butler App. No. CA82-12-0116, unreported, citing 5 Corbin on Contracts, Sections 1007, 1011, 1014; Hadley v.Baxendale (1854) 9 Exch. 341.
The losses resulting from the stolen rings constitute special damages because a car dealership would not anticipate that expensive rings would be kept in a car that was in for service. Appellants did not present any evidence that Warren Nissan was told about the rings when the car was delivered for service; therefore, they are not entitled to damages for the value of the rings under a breach of contract theory. Because the jury determined that appellants could not recover the value of the rings under their claim for breach of a bailment contract and appellants are not entitled to recover damages resulting from the theft of their rings under a breach of contract theory, appellants cannot recover more than the $4,000 that they have already been awarded.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.